Matthew C. Wolf (SBN 223051)
Lauren VanDenburg (SBN 299957)
TURNER FRIEDMAN MORRIS & COHAN, LLP
8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211
Tel: 323-653-3900
Fax: 323-653-3021
mwolf@tfmclaw.com; lvandenburg@tfmclaw.com

Attorneys for Defendants
JAGUAR LAND ROVER NORTH AMERICA, LLC and TERRY YORK MOTOR CARS, LTD dba LAND ROVER ENCINO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HRAIR AINTABLIAN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Limited Liability Company; TERRY YORK MOTOR CARS, LTD, a California Corporation d/b/a LAND ROVER ENCINO; and DOES 1 to 25, inclusive, <br><br> Defendants. | Case No.: 2:18-cv-10781 <br><br> **NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTION 1441(a) BASED ON FEDERAL QUESTION JURISDICTION; DECLARATION OF LAUREN K. VANDENBURG** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Jaguar Land Rover North America, LLC ("JLRNA") and Terry York Motor Cars, Ltd dba Land Rover Encino ("LR Encino") (collectively "Defendants") hereby remove the above entitled action from the Superior Court of the State of California for the County of Los Angeles to

the Central District of California, Western Division pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), based on federal question jurisdiction under 28 U.S.C. § 1331.

## I. PRELIMINARY MATTERS

1. On November 2, 2018, Plaintiff Hrair Aintablian ("Plaintiff") filed this lawsuit (the "Complaint") in the Superior Court of the State of California, County of Los Angeles, Case No. 18STCV03907 and entitled <u>Hrair Aintablian v. Jaguar Land Rover North America; Terry York Motor Cars, Ltd d/b/a Land Rover Encino; and Does 1 to 25, inclusive</u>. A true and correct copy of the Summons, Complaint and all related process, are attached to the concurrently filed Declaration of Lauren K. VanDenburg ("VanDenburg Decl.") as Exhibit "A."

2. JLRNA was served with the Complaint on November 29, 2018 through its registered agent for service of process. This was the first date upon which JLRNA received a copy of the Complaint and received notice of the facts indicating that the case was removable within the meaning of 28 U.S.C. § 1446(b).

3. JLR Cerritos was also served on November 29, 2018.

4. On December 31, 2018, Defendants answered the Complaint. A true and correct copy of the Answer is attached to the VanDenburg Decl. as Exhibit "B."

5. This Notice of Removal is timely because it is filed within 30 days of service of the Complaint on JLRNA, which was the first time Defendants received notice of the facts indicating that the case was removable within the meaning of 28 U.S.C. § 1446(b).

## II. NATURE OF THE CASE

6. The Complaint alleges causes of action relating to the October 5, 2017 lease of a 2017 Land Rover Range Rover, VIN SALGR2FFK5HA367581.

7. The Complaint alleges four separate claims for relief against Defendants, including two claims premised on violation of the Song-Beverly Warranty Act and two claims premised on violation of the Magnuson-Moss Warranty Act.

8. As detailed below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 on the grounds that the second and third causes of action in the Complaint arises under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, and satisfies the necessary amount in controversy under that statute.

### III. FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331.

#### A. Plaintiff's Claim Arises Under a Federal Statute.

9. Federal courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises" under federal law within the meaning of this statute if the federal law either creates the claim or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

10. In the Complaint, Plaintiff brings two claims for relief under the Magnuson-Moss Warranty Act ("MMWA"). The MMWA is a federal statute. 15 U.S.C. § 2301, *et seq.*

#### B. The Amount in Controversy Requirement is Satisfied.

11. Under the MMWA, a consumer claiming damage by a warrantor's failure to comply with a warranty "may bring suit for damages" in the appropriate District Court of the United States. 15 U.S.C. § 2310(d)(1)(B). However, "no claim shall be cognizable in a suit brought under paragraph (1)(B) . . . if the amount in controversy is less than the sum value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B); *Schultz v. General R.V. Ctr.*, 512 F.3d 754, 756-57 (6th Cir. 2008).

12. In the Complaint, Plaintiff seeks a wide variety of remedies, including: "replacement or restitution," "incidental damages," "consequential damages," "a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages," "actual attorney's fees," "cost of suit and expenses," "the different between the value of the Vehicle as accepted and the value

the Vehicle would have had if it had been as warranted," "remedies provided in Chapter 6 and 7 of Division 2 of the Commercial Code," "pre-judgment interest at the legal rate," and "such other relief the Court deems appropriate." *See* Complaint, Prayer for Relief, p. 11.

13. The total amount due under Plaintiff's lease for the vehicle is $32,504.71. *See* Complaint, ¶8, Ex. A. Thus, the amount in controversy claimed by Plaintiff under the MMWA claims is in excess of the $50,000 requirement, when including compensatory damages, the double civil penalty and attorneys' fees. Accordingly, the amount in controversy to establish federal jurisdiction under 28 U.S.C. § 1331 and the MMWA is satisfied.

## IV. ADDITIONAL GROUNDS FOR REMOVAL

14. This Notice of Removal is being filed within thirty (30) days of service on JLRNA. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

15. The United States District Court for the Central District of California, Western Division is the federal judicial district embracing the Superior Court of the State of California for the County of Los Angeles, where the Superior Court Action is pending. Thus, venue is proper under 28 U.S.C. § 1441(a).

16. Counsel for Defendants certify it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and give notice of the same to counsel for Plaintiff pursuant to 28 U.S.C. § 1446(d).

17. This Removal is based upon the concurrently filed Declaration, attached Exhibits, and any other matters which the Court deems applicable.

18. Should Plaintiff file a motion to remand this case, Defendants respectfully requests an opportunity to respond more fully in writing.

19. Defendants will promptly notify Plaintiff and the Superior Court of this removal as required by 28 U.S.C. § 1441(d).

///

## V. CONCLUSION

20. Removal of this action is proper under 28 U.S.C. § 1441 because it arises under the Magnuson-Moss Warranty Act and satisfies the applicable amount in controversy ($50,000).

THEREFORE, Defendants, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, pray that this action be removed from the Superior Court of the State of California for the County of Los Angeles to the Central District of California, Western Division.

Dated: December 31, 2018        TURNER FRIEDMAN MORRIS & COHAN, LLP

By: /s/ Lauren K. VanDenburg
LAUREN K. VANDENBURG

Attorneys for Defendants
JAGUAR LAND ROVER NORTH AMERICA, LLC and TERRY YORK MOTOR CARS, LTD dba LAND ROVER ENCINO

## DECLARATION OF LAUREN K. VANDENBURG

I, Lauren K. VanDenburg, declare as follows:

1. I am an attorney at the law firm Turner Friedman Morris & Cohan, LLP. I am counsel for the named Defendants in this action. I have personal knowledge of the matters set forth herein and if called, I could and would competently testify thereto, under oath.

2. Attached hereto as Exhibit A is a complete copy of the pleadings and process filed and served in the state court action below.

3. Attached hereto as Exhibit B is a complete copy of Defendants' Answer, filed on December 31, 2018, 2018 in the state court action below.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed at Beverly Hills, California on December 31, 2018.

                                               /s/ Lauren K. VanDenburg
                                               LAUREN K. VANDENBURG

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTION 1441(A)